# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT TAYLOR, | No. 2:16-cv-00167-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CAROLYN W. COLVIN, | |
| Acting Commissioner of Social Security, | ECF Nos. 14, 18 |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 14, 18. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion (ECF No. 14) and denies Defendant's motion (ECF No. 18).

1

## JURISDICTION

2      The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

3 1383(c)(3).

4

## STANDARD OF REVIEW

5      A district court's review of a final decision of the Commissioner of Social

6 Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

7 limited; the Commissioner's decision will be disturbed "only if it is not supported

8 by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

9 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

10 reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159

11 (quotation and citation omitted).  Stated differently, substantial evidence equates to

12 "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

13 citation omitted).  In determining whether the standard has been satisfied, a

14 reviewing court must consider the entire record as a whole rather than searching

15 for supporting evidence in isolation.  *Id.*

16      In reviewing a denial of benefits, a district court may not substitute its

17 judgment for that of the Commissioner.  If the evidence in the record "is

18 susceptible to more than one rational interpretation, [the court] must uphold the

19 ALJ's findings if they are supported by inferences reasonably drawn from the

20 record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

1  416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

2  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3  404.1520(b); 416.920(b).

4      If the claimant is not engaged in substantial gainful activity, the analysis

5  proceeds to step two.  At this step, the Commissioner considers the severity of the

6  claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

7  claimant suffers from "any impairment or combination of impairments which

8  significantly limits [his or her] physical or mental ability to do basic work

9  activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

10  416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

11  however, the Commissioner must find that the claimant is not disabled.  20 C.F.R.

12  §§ 404.1520(c); 416.920(c).

13      At step three, the Commissioner compares the claimant's impairment to

14  severe impairments recognized by the Commissioner to be so severe as to preclude

15  a person from engaging in substantial gainful activity.  20 C.F.R. §§

16  404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

17  severe than one of the enumerated impairments, the Commissioner must find the

18  claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

19      If the severity of the claimant's impairment does not meet or exceed the

20  severity of the enumerated impairments, the Commissioner must pause to assess

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

2  defined generally as the claimant's ability to perform physical and mental work

3  activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

4  404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the

5  analysis.

6      At step four, the Commissioner considers whether, in view of the claimant's

7  RFC, the claimant is capable of performing work that he or she has performed in

8  the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

9  If the claimant is capable of performing past relevant work, the Commissioner

10  must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).

11  If the claimant is incapable of performing such work, the analysis proceeds to step

12  five.

13      At step five, the Commissioner considers whether, in view of the claimant's

14  RFC, the claimant is capable of performing other work in the national economy.

15  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

16  the Commissioner must also consider vocational factors such as the claimant's age,

17  education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v);

18  416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

19  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

20  404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above.  *Tackett v.*

*Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five,

the burden shifts to the Commissioner to establish that (1) the claimant is capable

of performing other work; and (2) such work "exists in significant numbers in the

national economy."  20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*,

700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for Title II disability insurance benefits and Title XVI

supplemental security income benefits on September 12, 2012, alleging a disability

onset date of March 1, 2011.  Tr. 224-30, 231-36.  The applications were denied

initially, Tr. 137-54, and on reconsideration.  Tr. 156-68.  Plaintiff appeared at a

hearing before an Administrative Law Judge (ALJ) on July 2, 2014.  Tr. 34-80.  On

August 4, 2014, the ALJ denied Plaintiff's claim.  Tr. 20-33.

At the outset, the ALJ determined that the last date insured was December

31, 2015.  Tr. 22.  At step one of the sequential evaluation process, the ALJ found

Plaintiff has not engaged in substantial gainful activity since March 1, 2011, the

alleged onset date.  Tr. 22.  At step two, the ALJ found Plaintiff has the following

severe impairments: osteoarthritis of the right knee; bilateral carpal tunnel

syndrome; hypertension; degenerative disc disease of the lumbar and cervical spine; and obesity.[1]  Tr. 22.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 24.  The ALJ then concluded that Plaintiff has the RFC to perform light work with the following additional limitations:

> he can stand or walk for six hours in an eight-hour workday, but no restrictions for sitting.  He can occasionally balance, bend, stoop, climb ramps and stairs, but never kneel, crawl or climb ladders, ropes, or scaffolds. He can occasionally perform activities requiring fine fingering; he should avoid concentrated exposure to unprotected heights and heavy machinery with rapid moving parts.

Tr. 24-25.  At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  Tr. 28.  At step five, the ALJ relied on the grids and determined that a finding of "not disabled" is appropriate under the framework of Medical-Vocational Rule 202.21.[2]  Tr. 29.  On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act during the adjudicative period.  Tr. 29.

_____

[1] Plaintiff alleged he was unable to work due to "arthritis on spine/knees" and "anxiety problems."  Tr. 252.  At step two, the ALJ did not find that Plaintiff suffered from any severe mental impairment.  Tr. 24-25.

[2] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

1    On April 13, 2016, the Appeals Council denied review, Tr. 1-7, making the

2    Commissioner's decision final for purposes of judicial review.  *See* 42 U.S.C.

3    1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

5    Plaintiff seeks judicial review of the Commissioner's final decision denying

6    him disability insurance benefits under Title II and supplemental security income

7    benefits under Title XVI of the Social Security Act.  ECF No. 14.  Plaintiff raises

8    the following issues for this Court's review:

9    1. Whether the ALJ properly identified all of Plaintiff's severe impairments;

10    2. Whether the RFC included all of Plaintiff's limitations; and

11    3. Whether the ALJ properly relied on the Medical-Vocational Guidelines

12    (the grids).

13    ECF No. 14 at 5-20.

## DISCUSSION

15    **A. Severe Impairments and Medical Opinion Evidence**

16    Plaintiff contends the ALJ improperly failed to identify Plaintiff's mental

17    impairments, specifically anxiety, as a severe impairment at step two.  ECF No. 14

18    at 5-17.

19    At step two of the sequential process, the ALJ must determine whether

20    claimant suffers from a "severe" impairment, i.e., one that significantly limits his

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

1    physical or mental ability to do basic work activities.  20 C.F.R. § 416.920(c).  To

2    show a severe impairment, the claimant must first prove the existence of a physical

3    or mental impairment by providing medical evidence consisting of signs,

4    symptoms, and laboratory findings; the claimant's own statement of symptoms

5    alone will not suffice.  20 C.F.R. § 416.908 (2016).[3]

6            An impairment may be found to be not severe when "medical evidence

7    establishes only a slight abnormality or a combination of slight abnormalities

8    which would have no more than a minimal effect on an individual's ability to

9    work . . . ."  S.S.R. 85-28 at *3.  Similarly, an impairment is not severe if it does

10   not significantly limit a claimant's physical or mental ability to do basic work

11   activities; which include walking, standing, sitting, lifting, pushing, pulling,

12   reaching, carrying, or handling; seeing, hearing, and speaking; understanding,

13   carrying out and remembering simple instructions; responding appropriately to

14   _____

     [3] As of March 27, 2017, 20 C.F.R. § 416.908 was removed and reserved and 20
15   C.F.R. § 416.921 was revised to state the following:

16           Your impairment(s) must result from anatomical, physiological, or
17           psychological abnormalities that can be shown by medically acceptable
             clinical and laboratory diagnostic techniques.  Therefore, a physical or
18           mental impairment must be established by objective medical evidence from
             an acceptable medical source.  We will not use your statement of symptoms,
19           a diagnosis, or a medical opinion to establish the existence of an
             impairment(s).  After we establish that you have a medically determinable
20           impairment(s), then we determine whether your impairment(s) is severe.

     ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
     DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

supervision, coworkers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(a) (2016), S.S.R. 85-28.[4]

The ALJ found that Plaintiff had the following severe impairments: osteoarthritis of the right knee, bilateral carpal tunnel syndrome, hypertension, degenerative disc disease of the lumbar and cervical spine, and obesity. Tr. 22. The ALJ did not find that Plaintiff suffers any severe mental impairment, including anxiety.

_____

[4] The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987). As of March 27, 2017, 20 C.F.R. §§ 416.921 and 416.922 were amended. Section 416.922(a) was revised to state the following:

> (a) Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

In determining that anxiety is not a severe impairment, Plaintiff contends the ALJ improperly rejected the opinions of Tushar Kumar, M.D.; Dan Donahue, Ph.D.; and John Robinson, Ph.D.; and improperly credited the opinion of Thomas McKnight, Ph.D.  ECF No. 14 at 10-17.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.*  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin,* 554 F.3d 1219, 1228

(9th Cir. 2009) (internal quotation marks and brackets omitted).  "If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81

F.3d 821, 830-31 (9th Cir. 1995)).

   *1. Tushar Kumar, M.D.*

   Dr. Kumar, an examining psychiatrist, performed a consultative examination

on May 17, 2012.  Tr. 318-22.  Dr. Kumar diagnosed generalized anxiety disorder

and opined Plaintiff "appeared fairly incapacitated by his pervasive anxiety."  Tr.

321.  Dr. Kumar opined Plaintiff's ability to interact with coworkers and the public

may be "moderately to markedly impaired given his significant anxiety symptoms,

which are fairly pervasive[.]"[5]  Tr. 322.  Dr. Kumar opined Plaintiff was

---

[5] The ALJ appeared to dismiss Plaintiff's anxiety, stating "the claimant testified

that he quit working due primarily to anxiety, yet he acknowledged that his work

as a painter was fairly isolated and [he] was not required to interact much with

other people."  Tr. 23.  However, Plaintiff testified that while riding as a passenger

with coworkers from a job site, he had a panic attack and suddenly reached over

and grabbed the steering wheel.  He lost his a job as a result.  Tr. 57-60.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1   moderately to markedly impaired in the ability to maintain attendance and deal

2   with usual workplace stress.  Tr. 322.  The ALJ gave this opinion little weight.  Tr.

3   23.  Because Dr. Kumar's opinion was contradicted by Dr. McKnight's, Tr. 48-49,

4   the ALJ was required to provide specific and legitimate reasons for rejecting Dr.

5   Kumar's opinion.  *Bayliss*, 427 F.3d at 1216.

6          First, the ALJ found the limitations assessed were inconsistent with Dr.

7   Kumar's own exam findings of "very mild psychological abnormalities."  Tr. 23

8   (citing Tr.  320-23).  A report that is internally inconsistent may properly be

9   rejected by an ALJ.  *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003)

10  (affirming ALJ's rejection of physician's opinion as unsupported by physician's

11  treatment notes).  The ALJ noted Dr. Kumar observed that Plaintiff appeared

12  "somewhat anxious" during the mental status exam, but, the ALJ found Dr. Kumar

13  "otherwise noted findings within normal limitations, including adequate

14  concentration, persistence and pace."  Tr. 23 (citing Tr. 320).  Here, however,

15  instead of "findings within normal limitations," as the ALJ indicated, Dr. Kumar's

16  test results yielded abnormal findings indicative of more than mild mental

17  impairment.  For example, Dr. Kumar found Plaintiff's range of affect appeared

18  fairly constrained.  Tr. 320.  As another example, Dr. Kumar found Plaintiff made

19  several mistakes in a few attempts when he tried to recite five digits backwards.

20  Tr. 320.  As a further example of abnormal findings, Dr. Kumar additionally found

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

1    Plaintiff made several calculation errors, including repeated mistakes with serial

2    7s.  Tr. 321.  Furthermore, although Plaintiff could name the current and

3    immediate past president, he was unable to recall the one prior to that.  Tr. 321.

4    Dr. Kumar opined Plaintiff presented with moderate symptoms of an anxiety

5    disorder which appeared to have become more significant and exacerbated over the

6    past two years.  Tr. 321.  Most significantly, Dr. Kumar concluded, based in part

7    on abnormal test results, that Plaintiff appeared "fairly incapacitated by his

8    pervasive anxiety."  Tr. 321.  Here, the ALJ inaccurately characterized Dr.

9    Kumar's findings as "very mild psychological abnormalities."  Contrary to the

10   ALJ's assertion, Plaintiff's mental status exam results are consistent with Dr.

11   Kumar's assessment, and support rather than undercut, his assessed moderate to

12   severe, and several moderate, limitations in Plaintiff's work-related mental health

13   functioning.  This was not a specific, legitimate reason to give limited weight to

14   Dr. Kumar's opinion.

15        Second, the ALJ rejected Dr. Kumar's opinion because "no treating source

16   identified any objectively based psychological abnormality or symptom that would

17   be consistent with the severity of the limitations" opined by Dr. Kumar; nor has

18   any evaluating medical source assessed such severe limitations.  Tr. 23.  Relevant

19   factors to evaluating any medical opinion include the amount of relevant evidence

20   that supports the opinion, the quality of the explanation provided in the opinion,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

1  and the consistency of the medical opinion with the record as a whole.

2  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495

3  F.3d 625, 631 (9th Cir. 2007).

4      Initially, the ALJ's finding that "no treating source identified any objectively

5  based psychological abnormality or symptom that would be consistent with the

6  severity of the limitations opined by Dr. Kumar" is not supported by the record.

7  Specifically, Dr. Conovalciuc, Dr. Smith, and ARNP Ormsby all diagnosed anxiety

8  disorder.  Tr. 312 (Dr. Conovalciuc); Tr. 326-27 (Dr. Smith); Tr. 358, 495 (Ms.

9  Ormsby).

10      Moreover, the ALJ's finding that treating source medical records "do not

11  corroborate with any persistent signs or symptoms . . . an anxiety disorder or other

12  psychological condition that imposes greater than mild symptoms or limitations in

13  the course of routine medical care," Tr. 23, is not supported by the record.  For

14  example, physician Pavel Conovalciuc, M.D., treated Plaintiff for complaints of

15  right knee pain and anxiety on March 14, 2012.  Tr. 310-13.  Dr. Conovalciuc

16  found Plaintiff had the symptoms of a major depressive episode, Plaintiff reported

17  he had been experiencing frequent anxiety attacks for which he had visited the ER

18  numerous times, and, as a result, Dr. Conovalciuc prescribed medication and

19  referred Plaintiff for therapy.  Tr. 310, 312.  The ALJ characterized this, as with

20  other mental health treatment records, as Plaintiff's subjective report and one of a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

few episodes brought on by stressors, Tr. 23, although the only stressor noted by

Dr. Conovalciuc was unemployment.  Tr. 310.  While a physician's opinion may

be rejected if it is based on a claimant's complaints which were properly

discounted, *see Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001):

*Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999); *Fair v.*

*Bowen*, 885 F.2d 957, 604 (9th Cir. 1989), here, that does not appear to be the case.

Dr. Conovalciuc administered a PHQ-9 questionnaire that indicated moderately

severe depression.  Tr. 311.  Moreover, Dr. Conovalciuc prescribed two anti-

anxiety medications, Zoloft and Hydroxyzine.  Tr. 312.  These treatment records

do not support the ALJ's finding that Dr. Conovalciuc simply relied on Plaintiff's

subjective report.  This treatment records also appears to support, rather than

contradict, Dr. Kumar's opinion.

Another treatment record the ALJ cited indicated Plaintiff went to the ER

with complaints of chest pain in July 2012.  Tr. 23 (citing Tr. 325-26).  Treating

physician Cal L. Smith, M.D., noted recent diagnoses of Bell's palsy[6] and anxiety.

---

[6] Bell's palsy is a form of temporary facial paralysis resulting from damage or

trauma to the 7th cranial nerve, one of the facial nerves.

https://www.ninds.nih.gov/Disorders/All-Disorders/Bells-Palsy-I

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

1    Tr. 326.  Dr. Smith observed Plaintiff was "very anxious," and he appeared to have

2    some anxiety about his previous Bell's palsy diagnosis.  Tr. 326.  While the ALJ

3    may be correct that Plaintiff's Bell's palsy diagnosis "was one of a few episodes

4    brought on by stressors," the treatment record overall is consistent with Dr.

5    Kumar's opinion and does not provide a legitimate basis for rejecting it.  Similarly,

6    records from treatment provider Kathryn Ormsby, ARNP, support rather than

7    contradict Dr. Kumar's opinion.  *See, e.g.,* Tr. 529 (Plaintiff saw Ms. Ormsby on

8    October 22, 2012, to establish care for arthritis and anxiety); Tr. 527 (on

9    November 8, 2012, Ms. Ormsby diagnosed an unspecified anxiety state and

10    depressive disorder not otherwise specified (NOS)); Tr. 500-01 (on December 10,

11    2012, Ms. Ormsby noted Plaintiff still has anxiety symptoms that continue to

12    interfere with his daily life.  Ms. Ormsby again diagnosed depression and anxiety

13    and also increased Plaintiff's medication).

14         In sum, the Court finds the treating source medical records cited by the ALJ

15    appear to corroborate rather than contradict Dr. Kumar's opinion that Plaintiff

16    suffers an anxiety disorder that causes limitations.  This was not a specific,

17    legitimate reason to give limited weight to Dr. Kumar's opinion.

18

19

20

*2. Dan Donahue, Ph.D.*

Next, the ALJ rejected Dr. Kumar's opinion based in part on the opinions of the state psychological medical consultants who reviewed the record within a few months of Dr. Kumar's evaluation.  Tr. 23.

In November 2012, reviewing physician Dr. Donahue noted Plaintiff "just recently" started treatment for anxiety symptoms.  Tr. 92.  Dr. Donahue opined Plaintiff was moderately limited in the ability to work in coordination with or in proximity to others without being distracted by them.  Tr. 91.  He opined Plaintiff was moderately limited in the ability to complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 91.  Further, Dr. Donahue opined Plaintiff was capable of no more than superficial contact with the general public; moderately limited in the ability to respond appropriately to changes in the work setting; moderately limited in the ability to carry out detailed instructions, and moderately limited in the ability to maintain attention and concentration for extended periods.  Tr. 90- 91.  The ALJ afforded this opinion "only some weight," and did not incorporate any of the assessed limitations.  Tr. 23.  Because Dr. Donahue's opinion was contradicted by Dr. McKnight's, Tr. 48-49, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Donahue's opinion.  *Bayliss*, 427 F.3d at 1216.

First, the ALJ rejected the limitations assessed by Dr. Donahue, because Dr. Donahue "acknowledge[d] the lack of medical evidence supports mild limitation for cognitive functioning." Tr. 23-24. The ALJ appears to reference Dr. Donahue's comment that Plaintiff recently began treatment for anxiety symptoms, it was reasonable to expect that conservative treatment would significantly reduce symptoms of anxiety/panic, and Plaintiff lacked a significant history of markedly severe mental impairment. Tr. 92. The ALJ failed to take into account, however, that Dr. Donahue assessed numerous limitations in Plaintiff's functioning that were more than mild, including limitations in cognitive functioning. Dr. Donahue, for example, assessed Plaintiff as moderately limited in the ability to complete a normal work day and work week without interruptions from symptoms, and in the ability to maintain concentration and attention for extended periods. Tr. 90-91. This was not a specific, legitimate reason to give limited weight to Dr. Donahue's opinion.

Next, the ALJ rejected Dr. Donahue's opinion because the ALJ found that the "evidence as a whole does not support greater restrictions in social functioning." Tr. 24. An ALJ may discredit a physician's opinions that are unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004). As noted herein, the record as a whole, including treating and examining medical records and opinions, appears to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 19

1   support rather than contradict Dr. Donahue's assessed limitations. This was not a

2   specific, legitimate reason to give limited weight to Dr. Donahue's opinion.

3       *3. John Robinson, Ph.D.*

4       Dr. Robinson reviewed the record in December 2012 and opined Plaintiff

5   was moderately limited in the ability to complete a normal work day and work

6   week without interruptions from psychologically based symptoms and to perform

7   at a consistent pace without an unreasonable number and length of rest periods.

8   Tr. 118. Further, Dr. Robinson opined Plaintiff was moderately limited in the

9   ability to interact appropriately with the general public; respond appropriately to

10   changes in the work setting; carry out detailed instructions; maintain concentration

11   for extended periods; and work in coordination with or in proximity to others

12   without being distracted by them. Tr. 117-18. Like Dr. Donahue, Dr. Robinson

13   limited Plaintiff to no more than superficial contact with the general public. Tr.

14   118. The ALJ gave this opinion, like Dr. Donahue's, only some weight. Tr. 23-

15   24. Because Dr. Robinson's opinion was contradicted by Dr. McKnight, Tr. 48-

16   49, the ALJ was required to provide specific and legitimate reasons for rejecting

17   Dr. Robinson's opinion. *Bayliss*, 427 F.3d at 1216.

18       The ALJ rejected Dr. Robinson's opinions for the same reasons he rejected

19   Dr. Donahue's, namely, because the agency reviewing physicians "acknowledge

20   the lack of medical evidence supports mild limitations for cognitive functioning,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 20

1  yet the evidence as a whole does not support the greater restrictions in social

2  functioning." Tr. 23-24 (citing Tr. 118).

3       As noted, the ALJ first rejected Dr. Robinson's assessed limitations because

4  the ALJ found Dr. Robinson acknowledged the lack of medical evidence supports

5  mild limitations in cognitive functioning. Tr. 23-24. However, Dr. Robinson

6  assessed moderate, not mild, limitations in cognitive functioning, such as in the

7  ability to perform at a consistent pace without an unreasonable number and length

8  of rest periods. Tr. 118. This was not a specific, legitimate reason to give limited

9  weight to Dr. Robinson's opinion.

10      Next, as with Dr. Donahue, the ALJ rejected Dr. Robinson's opinion

11 because the ALJ found that the evidence as a whole did not support greater

12 restrictions in social functioning. Tr. 24. An ALJ may discredit a physician's

13 opinions that are unsupported by the record as a whole or by objective medical

14 findings. *Batson*, 359 F.3d at 1195. However, here, as noted, the record as a

15 whole, including the opinion of Dr. Kumar and Plaintiff's treatment records,

16 supports rather than undermines Dr. Robinson's opinion. This again was not a

17 specific, legitimate reason to give limited weight to Dr. Robinson's opinion.

18      Plaintiff argues the ALJ erred by mischaracterizing Dr. Donahue's and Dr.

19 Robinson's opinions and by failing to include all of their assessed limitations in the

20 RFC. ECF No. 14 at 13-15. Plaintiff is correct that the ALJ mischaracterized the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 21

1    record.  For example, the ALJ summarized the limitations assessed by the

2    reviewing physicians as "limited to no more than superficial interaction with the

3    public" and the "need additional time to complete tasks," Tr. 23, but this omits

4    without comment several additional assessed limitations, including, as noted, a

5    moderate limitation in the ability to complete a normal work day and work week

6    without interruptions from psychologically based symptoms and to perform at a

7    consistent pace without an unreasonable number and length of rest periods.  Tr.

8    118.  As noted, the ALJ did not include *any* mental limitations in the assessed

9    RFC.

10        The ALJ erred when he weighed the medical evidence and failed to include

11   anxiety as a severe impairment at step two.  Because the ALJ erred at step two by

12   failing to include anxiety as a severe impairment, the ALJ failed to incorporate any

13   mental limitations in the RFC.  On remand, the ALJ will make a new step two

14   determination.

15        Plaintiff is also correct that the ALJ failed to reject or include some of the

16   limitations assessed by the reviewing physicians, again stemming from the error at

17   step two when the ALJ failed to include anxiety as a severe impairment.  The

18   social limitation to no more than superficial public contact, for example, appears to

19   have been assessed by Dr. Kumar, and, somewhat less clearly, Dr. McKnight, as

20   discussed *infra,* as well by Dr. Donahue and Dr. Robinson, indicating that the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 22

record as a whole appears to support restrictions in social functioning.  The ALJ

did not provide a specific, legitimate reason to give limited weight to the opinions

of reviewing physicians Dr. Donahue and Dr. Robinson.

The errors are not harmless.  *See Molina*, 674 F.3d at 1115 (an error is

harmless only when it is "inconsequential to the [ALJ's] ultimate nondisability

determination").  Here, the assessed but omitted limitations may be consequential

to the ultimate nondisability determination, i.e., if assessed, these nonexertional

limitations would take the case out of the grids and require vocational expert

testimony.  On remand, the ALJ must reassess the medical evidence, reassess the

RFC and, if necessary, reconsider the hypothetical posed to the ALJ to ensure it

properly includes all of the Plaintiff's nonexertional, including psychological

limitations, supported by substantial evidence.  *See Osenbrock v. Apfel,* 240 F.3d

1157, 1165 (9th Cir. 2001) ("[a]n ALJ is free to accept or reject restrictions in a

hypothetical question that are not supported by substantial evidence.").

*4. Thomas McKnight, Ph.D.*

The ALJ rejected the opinion of Dr. Kumar, who examined Plaintiff in May

2012, in favor of Dr. McKnight's hearing testimony.  Dr. McKnight opined that

Plaintiff does not suffer from any medically determinable mental impairment.  Tr.

24 (citing Tr. 52).  The ALJ gave Dr. McKnight's opinion "great weight."  Tr. 24.

While the opinion of a nonexamining physician may sometimes serve as

1   substantial evidence, that opinion must be supported by other evidence in the

2   record and be consistent with it.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.

3   1995).  There must be substantial evidence independent of the nonexamining

4   opinion which supports the rejection of an examining or treating physician based in

5   part on the testimony of a non-examining medical advisor when other reasons to

6   reject the opinions of examining and treating physicians exist independent of the

7   non-examining doctor's opinion.  *Lester*, 81 F.3d at 831 (citing *Magallanes v.

8   Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989); *Roberts v. Shalala,* 66 F.3d 179, 184

9   (9th Cir. 1995) (rejection of examining psychologist's functional assessment which

10  conflicted with his own written report and test results)).

11          Although the ALJ purported to give the greatest credit to Dr. McKnight's

12  opinion, Dr. McKnight testified that Plaintiff avoiding jobs with ongoing public

13  contact was "a good idea."  Tr. 51.  Nonetheless, the ALJ assessed no mental

14  limitations in the RFC.  Tr. 24-25.

15          As noted, the opinion of a non-examining physician such as Dr. McKnight,

16  by itself, is not substantial evidence for rejecting the opinion of an examining

17  physician such as Dr. Kumar.  Because Dr. McKnight's opinion does not appear to

18  be supported by other substantial evidence, the ALJ erred.  This was not a specific,

19  legitimate reason to give limited weight to Dr. Kumar's opinion because it is not

20  supported by independent evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 24

1   After review, the Court finds the ALJ erred when he rejected the opinions of

2   examining, treating, and reviewing sources, and instead purported to rely on the

3   opinion of the expert who testified at the hearing, particularly when even that

4   expert opined Plaintiff should have limited public contact and the limitation was

5   not adopted by the ALJ.  On remand, the ALJ will reconsider the medical evidence

6   and perform a new step two determination.

7   **B. RFC**

8   Next, Plaintiff contends the error at step two is harmful because it led the

9   ALJ to assess an incomplete RFC.  ECF No. 14 at 7.  As noted, the ALJ did not

10  include any mental limitations in the assessed RFC.  Tr. 24-25.

11  A claimant's RFC is what the claimant can still do despite his limitations.

12  *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F. R. §

13  404.1545(a)).  Here, as noted, the ALJ failed to provide specific, legitimate reasons

14  for rejecting examining and treating source opinions with respect to mental

15  limitations.  Accordingly, on remand, the ALJ must reconsider the medical

16  evidence and reassess the RFC.

17  Plaintiff also challenges the ALJ's assessment of physical nonexertional

18  limitations.  For example, the RFC included occasional fine fingering and postural

19  limitations, no kneeling or climbing, and environmental limitations (avoid

20  concentrated exposure to unprotected heights and heavy machinery with rapid

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 25

1 moving parts).  ECF No. 14 at 18-19 (citing Tr. 24-25).  Although the ALJ

2 assessed these limitations, as Plaintiff points out, there is no evidence whether

3 these assessed nonexertional limitations eroded the occupational base because the

4 ALJ relied on the grids.  As discussed more fully *infra*, generally, the presence of

5 nonexertional impairments takes a case out of the grids and requires vocational

6 expert testimony as to the possible erosion of a claimant's occupational base.

7 Because this matter is being remanded for other reasons, on remand, any assessed

8 nonexertional impairments will need to be addressed if necessary at step five.

9       Next, Plaintiff contends the ALJ failed to include other physical

10 nonexertional limitations.  Plaintiff contends the ALJ should have included limited

11 handling abilities, as assessed by reviewing physician Robert Bernardez-Fu, M.D.,

12 in December 2012, Tr. 116, and an inability to tolerate certain fumes that trigger

13 panic attacks, as Plaintiff described in his testimony.  ECF No. 14 at 19 (citing Tr.

14 57-58).  Because this matter is being remanded for reconsideration of the medical

15 and other evidence, on remand, the ALJ should reconsider all of the evidence of

16 both physical and mental nonexertional limitations and, if necessary, the effect if

17 any on Plaintiff's occupational base at step five.

18 **C. Grids at Step Five**

19       As noted, Plaintiff contends the ALJ erred by relying on the Medical

20 Vocational Guidelines (the Grids) rather than a vocational expert's testimony at

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 26

1  step five.  Plaintiff contends that his "multiple non-exertional limitations" required

2  an expert to testify with respect to the numbers and types of jobs Plaintiff is able to

3  perform.  ECF No. 18 at 11-12.

4         Although the Commissioner urges the Court to remand for further

5  proceedings rather than immediate payment of benefits, ECF No. 18 at 12-13,

6  Plaintiff has not requested that relief.  Instead, Plaintiff asks the Court to remand

7  for further proceedings based on the ALJ's failure to properly weigh the medical

8  evidence and error at step five in relying on the grids rather than a VE's testimony.

9  ECF Nos. 14 at 20; ECF No. 20 at 10.

10        The grids set forth rules directing a finding of disability, based on a

11  claimant's age, education, pervious work experience, and residual functional

12  capacity.  *See* C.F.R. Pt. 404, Subpt. P, App. 2.  At step five, the burden shifts to

13  the Commissioner to show the claimant can perform other jobs that exist in the

14  national economy.  *Pinto v. Massanari*, 249 F. 3d 840, 844 (9th Cir. 2001).  The

15  grids may be used only when they accurately and completely describe the

16  claimant's abilities and limitations.  *Tackett,* 180 F.3d at 1101-02.  Thus, when a

17  claimant has nonexertional limitations that significantly limit the range of work he

18  can perform, the ALJ may not rely on the grids, and must consult a vocational

19  expert to establish the availability of jobs suitable for the claimant.  *Bruton v.*

20  *Massanari,* 268 F.3d 824, 827-28 (9th Cir. 2001).  A nonexertional impairment is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 27

one that limits the claimant's ability to work without directly affecting his strength. *Desrosiers v. Secretary*, 846 F.2d 573, 577 (9th Cir. 1988).  The functional limitations caused by anxiety, depression, concentration, and memory impairments are nonexertional limitations.  *Holohan,* 246 F.3d at 1211 n.12 (9th Cir. 2001).

On this record, it is unclear what effect the combination of Plaintiff's exertional and nonexertional limitations have on his occupational base.  On remand, if necessary, the ALJ should ensure that the hypothetical posed to the vocational expert properly includes all of the Plaintiff's limitations supported by substantial evidence.  *See Osenbrock*, 240 F.3d at 1165 ("[a]n ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.").

## CONCLUSION

**IT IS ORDERED:**

1. Defendant's motion for summary judgment (ECF No. 18) is **DENIED.**

2. Plaintiff's motion for summary judgment (ECF No. 14) is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order and pursuant to sentence four of 42 U.S.C. § 405(g).

3. Application for attorney fees may be filed by separate motion.

1    The District Court Executive is directed to file this Order, enter

2  **JUDGMENT FOR THE PLAINTIFF**, provide copies to counsel, and **CLOSE**

3  THE FILE.

4    DATED this July 14, 2017.

5                                          s/Mary K. Dimke
                                           MARY K. DIMKE
6                                          U.S. MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20